1 STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney
2
HALLIE HOFFMAN (CABN 210020)
3 Chief, Criminal Division

4 ERIN CORNELL (CABN 227135)
MARJA-LIISA OVERBECK (CABN 261707)
5 KEVIN R. RUBINO (CABN 255677)
Assistant United States Attorneys
6
  450 Golden Gate Avenue
7 San Francisco, CA 94102
  Telephone: (415) 436-7200
8 Erin.Cornell@usdoj.gov
  Mari.Overbeck@usdoj.gov
9 Kevin.Rubino@usdoj.gov

10 JEFFREY BACKHUS (CABN 200177)
CHRISTOFFER LEE (CABN 280360)
11 Assistant United States Attorneys
DANIEL N. KASSABIAN (CABN 215249)
12 Special Assistant United States Attorney

13   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
14 Telephone: (408) 535-5061
   Jeffrey.Backhus@usdoj.gov
15 Christoffer.Lee@usdoj.gov
   Daniel.Kassabian@usdoj.gov
16
Attorneys for United States of America
17

18                UNITED STATES DISTRICT COURT

19              NORTHERN DISTRICT OF CALIFORNIA

20                      OAKLAND DIVISION

21

22 UNITED STATES OF AMERICA,            STATEMENT ON RELATED CASES
        Plaintiff,                      PURSUANT TO OMNIBUS ORDER RE:
23                                      STATUS CONFERENCE
      v.
24
25 JOSE GARCIA, et al.,                 Case No. 21-CR-311 YGR
        Defendants.
26 _____

27 JOSHUA HERNANDEZ, et al.,            Case No. 21-CR-312 YGR
        Defendants.
28

STATEMENT ON RELATED CASES            1

| | |
|---|---|
| JAMIE ONTIVEROS, et al.,<br>         Defendants. | Case No. 21-CR-325 YGR |
| LUIS QUIROS,<br>         Defendant. | Case No. 21-CR-327 YGR |
| DAVID CERVANTES, et al.,<br>         Defendants. | Case No. 21-CR-328 YGR |
| MIKE JOHN GUERRERO,<br>         Defendant. | Case No. 21-CR-338 YGR |
| NICOLE ALEXANDRA McCABE,<br>         Defendant. | Case No. 21-CR-339 YGR |
| JAVIER EFREN PACHECO,<br>         Defendant. | Case No. 21-CR-340 YGR |
| MICHAEL PAUL STEPHENS,<br>         Defendant. | Case No. 21-CR-341 YGR |
| RAMIRO VELASCO, JR., et al.,<br>         Defendants. | Case No. 21-CR-342 YGR |
| EVAN YUKIN KOBAYASHI,<br>         Defendant. | Case No. 21-CR-344 YGR |
| FELIPE MUNOZ, et al.,<br>         Defendants. | Case No. 21-CR-345 YGR |
| ROSEMARIE RAMIREZ, et al.,<br>         Defendants. | Case No. 21-CR-346 YGR |
| MAX AUGUSTO URBINA, et al.,<br>         Defendants. | Case No. 21-CR-347 YGR |

In advance of the upcoming Status Conference, the Court requested additional information about the relationship among the group of cases recently assigned to this Court. ECF No. 54. That includes the 14 cases in the above caption, as well as two cases currently pending in magistrate court: *United States v. Garcianava* (21-MJ-71328) and *United States v. Faz, et al.* (21-MJ-71467). The government submits this statement in response to the Court's request.

### A.   Overview of the Cases

Nearly all the 54 defendants in these 16 cases are members or associates of La Nuestra Familia or one of two subservient San Jose-based Norteño street gangs.[1] La Nuestra Familia, or NF, is a prison gang that was created to organize, protect, discipline, profit from, and maintain the allegiance of Norteño gang members on the streets and in custodial facilities around California. NF members hold positions of power over subordinate groups called "street regiments," including the "Santa Clara County Regiment," which is composed of Norteño gangs operating on the streets of Santa Clara County. Falling under the NF's Santa Clara County Regiment are multiple Norteño street gangs, including San Jose Grande (SJG) and El Hoyo Palmas (EHP). Both SJG and EHP are multi-generational Norteño gangs with dozens of members who operate in and around the San Jose area. Like other Norteño street gangs, SJG and EHP paid allegiance to, and often served as foot soldiers for, the NF.

Notwithstanding this shared connection among the 16 cases, the government believes that they could be divided into two groups that are most likely to share factual and legal issues. A description of these two groups follows. In summary, the common connection among the first group of cases is that they all arose from a series of interrelated wiretaps, and the common connection among the second group is that they largely arose from a series of controlled buys of guns and drugs around the San Jose area during a six-month period in 2017. Note, however, that this is not a perfectly clean division. Some wiretap evidence may be produced to the defendants in the second group, and controlled buys were involved in some of the charges against the defendants in the first group.

---

[1] The exception is *United States v. Ramirez, et al*. (21-CR-00346). The two defendants in that case are charged with selling methamphetamine to San Jose Grande members or associates, but the government does not have reason to believe that those defendants are otherwise associated with this gang.

STATEMENT ON RELATED CASES                3

### B.     Cases Arising Out of the Wires

Six of the cases assigned to this Court were based, in part, on a series of 23 interrelated wiretaps. These six cases involve a total of 40 defendants, and intercepted calls from each of these wiretaps is potentially relevant to charges against multiple defendants.

1. *United States v. Cervantes, et al.* (21-CR-328) charges 22 members and associates of La Nuestra Familia with racketeering conspiracy or conspiracy to distribute methamphetamine.

2. *United States v. Hernandez, et al.* (21-CR-312) charges six members of San Jose Grande with racketeering conspiracy.

3. *United States v. Garcia, et al.* (21-CR-311) charges six members of El Hoyo Palmas with conspiracy to commit Hobbs Act robbery and/or conspiracy to commit murder and assault in aid of racketeering.

4. *United States v. Ontiveros, et. al.* (21-CR-325) charges four associates of San Jose Grande with conspiracy to distribute methamphetamine and cocaine, distribution of methamphetamine, and/or possession with intent to distribute cocaine.

5. *United States v. Garcianava* (21-MJ-71328) charges one high-ranking member of San Jose Grande with being a felon in possession of a firearm.

6. *United States v. Quiros* (21-CR-327) charges one associate of San Jose Grande with conspiracy to distribute methamphetamine.

The series of wiretaps giving rise to these six cases began with intercepted calls to and from phones used by members of SJG. Evidence from those intercepted conversations contributed to the charges in *U.S. v. Hernandez, et al.* (21-CR-312), *U.S. v. Garcianava* (21-MJ-71328), *U.S. v. Ontiveros, et. al.* (21-CR-325), and *U.S. v. Quiros* (21-CR-327). Some of those intercepted SJG calls were also used to obtain wiretaps of EHP members, and those wiretaps yielded evidence that contributed to the charges against the six EHP members in *U.S. v. Garcia, et al.* (21-CR-311). Finally, evidence from those EHP-related wiretaps was used, in turn, to obtain wiretaps of NF members and associates, which yielded evidence in support of the charges in *U.S. v. Cervantes, et al.* (21-CR-328).

It is the government's intention to produce the evidence of all 23 wiretaps to all 40 of the defendants across these six cases. This Court has appointed John Ellis as Coordinating Discovery

STATEMENT ON RELATED CASES                              4

Attorney in the first three of these six cases. The government has provided John Ellis with these materials, which includes over 7,000 files. On December 9, 2021, the government authorized Mr. Ellis to begin the production of these materials to defense counsel in the three cases in which he has been appointed Coordinating Discovery Attorney. The government is in the process of producing these materials directly to defense counsel in the other three cases. It may be more efficient for a single judge to consider issues arising from this overlapping body of evidence, including any potential motions to suppress.

### C. Other Cases Assigned to this Court

The remaining 10 cases charge a total of 15 defendants for their involvement in a series of controlled buys of methamphetamine and/or guns around the San Jose area:

1. *United States v. Guerrero* (21-CR-338) charges one defendant with distributing methamphetamine.

2. *United States v. McCabe* (21-CR-339) charges one defendant with distributing methamphetamine.

3. *United States v. Pacheco* (21-CR-340) charges one defendant with distributing methamphetamine.

4. *United States v. Stephens* (21-CR-341) charges one defendant with distributing methamphetamine.

5. *United States v. Velasco, Jr., et al.* (21-CR-342) charges two defendants with distributing methamphetamine.

6. *United States v. Kobayashi* (21-CR-344) charges one defendant with distributing methamphetamine.

7. *United States v. Munoz, et al.* (21-CR-345) charges two defendants with distributing methamphetamine and one defendant with felon in possession of a firearm.

8. *United States v. Ramirez, et al.* (21-CR-346) charges two defendants with distributing methamphetamine.

9. *United States v. Urbina, et al.* (21-CR-347) charges two defendants with being a felon in possession of a firearm.

10. *United States v. Faz, et al.* (21-MJ-71467) charges two defendants with conspiracy to distribute methamphetamine.

Each of these 10 cases involves a controlled buy or buys in which the buyer was an FBI confidential human source. FBI utilized a limited number of such sources, meaning there will be some overlap among the witnesses in these cases. Thirteen of the 15 defendants charged in these cases are members of SJG or associates of members of SJG; the other two are the defendants in *U.S. v. Ramirez, et al.* (21-CR-346). Additionally, all the controlled buys took place during a six-month period in 2017, with the exception of the conduct charged in *U.S. v. Velasco, Jr., et al.* (21-CR-342).

For all these reasons, in an effort to comply with Criminal Local Rule 8-1, the government noted in its Notice of Related Cases (ECF No. 28) that there may be overlap in the evidence it produces in these cases and that consideration of these cases by a single judge might conserve judicial resources and promote an efficient determination of each action, and may further the interest of uniformity in sentencing in the event the government obtains convictions.

*            *            *

Government counsel in all 16 of the above-captioned cases will appear via Zoom on December 16, 2021 at 10:00 a.m. for the Omnibus Status Conference, at which time they will be prepared to answer any questions from the Court regarding the foregoing.

DATED: December 14, 2021                    Respectfully submitted,

                                                       STEPHANIE M. HINDS
                                                       Acting United States Attorney

                                                       /s/
                                                       ERIN CORNELL
                                                       MARJA-LIISA OVERBECK
                                                       KEVIN R. RUBINO
                                                       Assistant United States Attorneys

                                                       /s/
                                                       JEFFREY BACKHUS
                                                       CHRISTOFFER LEE
                                                       Assistant United States Attorneys
                                                       DANIEL N. KASSABIAN
                                                       Special Assistant United States Attorney